UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| : | |
| : | Case No. 3:21MJ____ (RMS) |
| IN RE SEARCH WARRANT : | |
| : | **FILED UNDER SEAL** |
| : | |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Dustin Johnson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I respectfully submit this affidavit in support of an application for a search warrant for information associated with ████████████ (the "TARGET ACCOUNT"), that is stored at the premises controlled by Comcast Corporation ("Provider"), an electronic mail ("email") provider headquartered at One Comcast Center in Philadelphia, PA.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Rule 41 of the Federal Rules of Criminal Procedure to require the Provider to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Special Agent with Internal Revenue Service - Criminal Investigation ("IRS-CI") and have been so employed since September of 2016.  I have received training in conducting financial investigations and am familiar with the procedures of the Internal Revenue Service ("IRS").  My duties as a Special Agent include investigating criminal violations of the Internal

Revenue Code and related criminal statutes. I have a Bachelor's Degree in Accounting and a Bachelor's Degree in Criminal Justice from Central Connecticut State University. I have a Master's Degree in Accounting from Rutgers University. During my career, I have participated in, and conducted, criminal investigations, including violations of Titles 18 and 26 of the United States Code. I have assisted in the execution of physical search warrants of personal residences and businesses for personal and business records relevant to ongoing criminal tax investigation and money laundering investigations. Through my education, training, and experience as a Special Agent, I have become familiar with general accounting and tax practices, record keeping procedures, and the Internal Revenue laws. I have also become familiar with the way personal and business records are maintained.

3.     This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that a warrant to search the contents of electronic communications in the TARGET ACCOUNT may provide evidence of the violations listed below. Unless otherwise noted, all statements set forth in this affidavit that are attributed to sources of information are stated in substance and part.

4.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ There is also probable

cause to search the TARGET ACCOUNT described in Attachment A for evidence, instrumentalities, and/or fruits of these crimes further described in Attachment B.

<u>**JURISDICTION**</u>

5.      This court has jurisdiction to issue the requested warrant because it is "a court of complete jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States…that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

<u>**PROBABLE CAUSE**</u>

**Background Regarding the Investigation**

6.      I have been conducting an investigation into





























## BACKGROUND ON EMAIL ACCOUNTS

35.    In my training and experience, I have learned that Provider provides a variety of on-line services to its subscribers, including email access.  The Provider allows subscribers to obtain an email account at the domain name (e.g., gmail.com), like the TARGET ACCOUNT. Subscribers obtain an email account from the Provider by purchasing a service such as internet, cable, or phone.  During the registration process, the Provider asks subscribers to provide basic personal information.  Therefore, the computers of the Provider are likely to contain stored electronic communications (including retrieved and unretrieved email for subscribers); documents created, edited, sent, and received by subscribers; and information concerning subscribers and their use of Provider services, such as account access information, email transaction information, account application information, and Internet Protocol ("IP") addresses.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

36.    A Provider subscriber can also store with the provider, files in addition to emails, such as address books, contact information, pictures, documents, and other files attached to emails, on servers maintained and/or owned by the Provider.  In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

37.    In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account.  Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information

may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

38.     In my training and experience, I know that the Provider stores any mail that is in a user's inbox until a user himself or herself deletes those messages. I also know that the Provider allows users to create personal folders within the email account, in which the user can store emails for later viewing. Any mail that is transferred into a personal folder is also stored until a user himself or herself deletes those messages. The Provider does not automatically delete any messages in the user's inbox or personal folders. Any mail that is deleted from the inbox or personal folders by the user moves to the trash folder, which is held for fourteen days and then deleted. According to the Provider's website, items that are deleted from the trash folder can be recovered for 30 days before they become permanently unavailable.

39.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of login (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the IP address used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

40.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

41.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, email communications, contact lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.  Further, information maintained by the email provider can show how and when the account was accessed or used.  For example, as described below, email providers typically log the IP addresses from which users access the email account, along with the time and date of that access.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation.  This geographic and timeline information may tend to either inculpate or exculpate the account

owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email).  Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offenses under investigation.  For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

42.     Based on my training and experience, I know that information concerning the TARGET ACCOUNT may be found on one or more computer servers owned and operated by the Provider.  Only those portions of the servers containing information associated with the TARGET ACCOUNT will be searched.   The search will be conducted by one or more persons knowledgeable about the computer servers, including employees or agents of the Provider.

43.     Based on my training and experience, I also know that email service providers do not have the resources or the expertise to identify specific mail messages or other records relevant to a criminal investigation.  Instead, it is the practice of the service providers to copy all email messages and other records from a specified account in response to a search warrant.  Accordingly, the warrant requested by the Government encompasses all of the email messages and other records in the TARGET ACCOUNT and accompanying services.

## CONCLUSION

44.     Based on the foregoing, I respectfully submit that there is probable cause to believe, and I do believe, that ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████ and that the TARGET ACCOUNT will contain evidence, fruits, and instrumentalities

21

of these violations of federal law.  I therefore respectfully request that the Court issue the proposed search warrant.

45.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving the warrant on the Provider.  Because the warrant will be served on the Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Johnson Dustin
Digitally signed by Johnson Dustin
Date: 2021.01.29 08:48:40 -05'00'

_____
DUSTIN JOHNSON
Special Agent
Criminal Investigation
Internal Revenue Service

The truth of the foregoing affidavit has been has been attested to me by Special Agent Dustin Johnson over the telephone on this day  29   of January, 2021, at New Have.

Robert M. Spector
Digitally signed by Robert M. Spector
Date: 2021.01.29 10:09:56 -05'00'

_____
The Honorable Robert M. Spector
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with ███████████ that is stored at premises owned, maintained, controlled, or operated by Comcast Corporation, a company headquartered at One Comcast Center, in Philadelphia, PA.

# ATTACHMENT B

## Particular Things to be Seized

## I. Information to be disclosed by Comcast Corporation (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on December 30, 2020, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all emails associated with the account from █████████████ █████████████████████, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time on the TARGET ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files; and

e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of

(a)

(b)

(c)

(d)

(e)

(f)

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Comcast Corporation**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **Comcast Corporation**. The attached records consist of _____

_____

_____

_____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.

I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Comcast Corporation**, and they were made by **Comcast Corporation** as a regular practice; and

b.  such records were generated by **Comcast Corporation's** electronic process or system that produces an accurate result, to wit:

1.  the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Comcast Corporation** in a manner to ensure that they are true duplicates of the original records; and

28

2.      the process or system is regularly verified by **Comcast Corporation**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                     Signature